UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE:                          )
                                )   Case No.: 16-13064
   Jeannette Mouawad   )
                                )   Chapter 7
        Debtor              )

## MOTION TO AVOID JUDICIAL LIENS

NOW COMES Jeannette Mouawad (hereinafter "Mouawad" or the "debtor" in the above captioned matter, and move the Court pursuant to 11 USC §522(f) to avoid the judicial lien of Metro Credit Union, and in support of his motion states as follows:

1. Jeannette C Mouawad commenced this case by filing a Chapter 7 on 8/04/16 and Gary Cruickshank was appointed Chapter 7 Trustee.

2. In her schedules, Mouawad indicated Tenants by the Entirety of certain real property known as 15 Concord Avenue, Norwood, MA ("the real property"), and indicated that the value of the property was $384,500K in 2016.

3. Metro Credit Union was listed as a creditor C/O Attorney Jeffrey J Phillips, 1 Washington Mall, Boston, MA, 02108 on the schedules, and appears to be the holder of Writ of Attachment recorded with Norfolk County Registry of Deeds on 8/04/2016 at Book 34333 Page 255 in the approximate amount of $8,700.00, as appears from the face of the document. Mouawad lacks information as to whether interest or other costs have been added to that amount. See a copy of which is attached hereto as "Exhibit A".

5. For purposes of this motion, Mouawad avers that the attachment creates a judicial lien against the real property.

6. In her schedules, Mouawad claimed the real property as exempt under the Massachusetts Exemptions, pursuant to a homestead declaration recorded at Book 20607, Page 65 in the same Registry. A copy of the declaration is attached hereto as "Exhibit B". No party in interest objected to the exemption, and, accordingly, the property is exempt. See <u>Taylor v. Freeland & Kronz,</u> 503 U.S. 638; 112 S. Ct. 1644; 118 L. Ed. 2nd 280 (1992). Under Massachusetts law, the maximum available exemption is $500,000.00, at the time of his petition she utilized a homestead exemption of $384,500.00

7. Title to the property is also encumbered by a consensual first mortgage with MERS/Taylor, Bean & Whitaker Mortgage Corp assigned to Nationstar Mortgage, see copy attached hereto as "Exhibit C". Mouawad estimates that the principal balance is approximately $335,000.00.

8. In her schedules, Mouawad valued the property at $384,500K. There has been no recent appraisal, therefore the debtor has submitted a Brokers Opinion of Value by Realty Advantage, of 470 Washington Street, Norwood 2016 in the amount of $379,900.00 attached hereto as "Exhibit D". No one with interest objected to the valuation. Mouawad therefore avers that for purposes of this motion, the value of the property is $384,500.00. See In re Page, 250 B.R. 465 (Bkrtcy.D.N.H. 2002) (after conversion of case from Chapter 13 to Chapter 7, Chapter 7 trustee is bound by the valuation of property in schedules).

9. Mouawad therefore asserts that the judicial lien is avoidable in full based on the following calculations:

| | |
|---|---|
| Metro Credit Union (targeted judicial lien) | $ 8,700.00 |
| Nationstar/MERS/Taylor Bean Whitaker Mortgage first mortgage | 335,000.00 |
| Debtor's claimed exemption | $ 379,900.00 |
| TOTAL | $ 723,600.00 |

10. Since $ 723,600.00 exceeds the value that the debtor's interest in the real property would have in the absence of any liens (that being $ 384,500.00), the lien of Metro Credit Union fully impairs the debtors exemption and may be avoided in its entirety.

10. A proposed Order is attached.

WHEREFORE the debtor respectfully requests that the Court enter an Order avoiding the judicial lien of Metro Credit Union in its entirety.

Dated: December 10, 2016

Respectfully submitted,
Jeannette Mouawad
By her attorney,

/s/ Michael R. Levin
Michael R. Levin
139 Front Street
Fall River, MA 02721
P (781) 255-1300
F (781)300-7797
BBO # 296160
mrlbcy@hotmail.com

# Trial Court Of The
District Court Dep[t]
Dedham Divis[ion]

Bk 34333 Pg255 #76832
08-04-2016 @ 01:14p

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA

Norfolk, ss

CERTIFY

*William P O'Donnell*
WILLIAM P. O'DONNELL, REGISTER

"Exhibit A"

Civil Action No. 1654CV0347

## WRIT OF ATTACHMENT
(Rule 4.1)

To the Sheriffs of our several counties or their deputies, or a constable of any City or Town within the Commonwealth:

We command you to attach the goods or estate of defendant Jeannette Jean Mouawad a/k/a Jenette C. Mouawad of 15 Concord Ave, Norwood, MA, to the value of $8,700.00✗✗✗ the amount authorized, as prayed for by the plaintiff Metro Credit Union of 200 Revere Beach Pkwy, Chelsea, MA whose attorney is Jeffrey J. Phillip, Phillips & Angley of 1 Washington Mall, Boston, 02108 in an action brought by said plaintiff against said defendant in this court, and make due return of this writ with your doings thereon.

MCOL1326

The complaint in this case was filed on June 22, 2016 (Date). This attachment was approved on 7/29/16 (Date) by _____ (Signature of judge), J.,
in the amount of $ 8,700.00✗✗

WITNESS, MICHAEL J. POMAROLE, Presiding Justice, on _____ (Date)

(SEAL)

_____
Clerk-Magistrate

"Exhibit B"

Bk 20607 Pg65 #40329
02-23-2004 @ 03:47p

# DECLARATION OF HOMESTEAD

KNOW ALL MEN BY THESE PRESENTS that I, Jeannette C. Mouawad of 15 Concord Avenue, Norwood, Massachusetts 02062, County of Norfolk and Commonwealth of Massachusetts as a Householder, and having a family and being entitled to an Estate of Homestead in the land and buildings hereinafter described do hereby declare that I own and am possessed and occupy said premises as a residence and homestead under Massachusetts General Laws, Chapter 188 as amended to wit:

Commonwealth of Massachusetts

Norfolk ss.                                                February 23, 2004

On this 23rd day of February, 2004, before me, the undersigned notary public, personally appeared Jeannette C. Mouawad, proved to me through satisfactory evidence of identification, which was a driver's license or _____ ) to be the person whose names is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

_____
Clifford A. Monac
Notary Public
My Commission expires 7/9/04

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA

BK 22924 PG59 #124396
09-23-2005 @ 09:33a

After Recording Return To:
MICHAEL R. PAOLINI
1646 CENTRE STREET
ROXBURY        , MA    02132

"Exhibit C"

R05-195

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY

*William P O'Donnell*
WILLIAM P. O'DONNELL, REGISTER

15 Concord Ave Newtol

—————————[Space Above This Line For Recording Data]—————————

## MORTGAGE

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated September 19, 2005, together with all Riders to this document.

(B) "Borrower" is JEAN K. MOUAWAD and JEANNETTE C. MOUAWAD

Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is Taylor, Bean & Whitaker Mortgage Corp.
Lender is a a Florida Corporation                                    organized and existing under
the laws of FL                                                       . Lender's address is
1417 North Magnolia Ave, Ocala, FL  34475

(E) "Note" means the promissory note signed by Borrower and dated September 19, 2005. The Note states that Borrower owes Lender Three Hundred Four Thousand and no/100
Dollars (U.S. $ 304,000.00    ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than October 01, 2035

(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."



"Exhibit D"

Thad Johnson
Realtor, CBR, Broker Owner
P: (781) 762-3700
F: (781) 762-3715
C: (781) 248-5210 or text
E: thadajohnson@aol.com

470 Washington Street, Suite 2
Norwood, MA 02062

Re: 15 Concord Ave. Norwood, Ma.

December 10, 2016

Dear Jean,

This opinion of value is based upon an extensive search through both the town of Norwood property records and our MLS system. The "comparison method" was used to arrive at a fair market value. This is the standard approach for finding the value of residential property. Similar style/size homes have been used which have sold within the past 6 months. All aspects of these properties were compared to 15 Concord Ave. such as square footage of home & lot, numbers of bedrooms and baths, garages, condition & location. Adjustments were made either up or down in order to arrive at fair market value.

It is my opinion based upon this search that 15 Concord Ave will sell between $370,000 to $380,000. I would suggest an asking price of $379,900. This is the best pricing strategy in order to obtain top dollar without being overpriced. The average market time to "pending" status is approximately 30 days. A closing can be 45/60 days from an accepted offer. At present market conditions are strong with limited inventory and low rates being the driving forces. Rates are expected to rise within next 30 days and the election may have some effect on the market. Inventory, although low currently, is rising.

At present your property compares favorably to similar homes on the market. There is walkability to train. I look forward to helping you and your family. Please ask me any questions that arise.

Sincerely,

Thad Johnson

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: )
)  Case No.: 16-13064
Jeannett Mouawad )  Chapter 7
Debtor )

## ORDER ON
## MOTION TO AVOID JUDICIAL LIEN

WHEREAS Jeannette Mouawad, debtor in the above captioned matter, has filed a motion alleging that a certain execution issued by Dedham District Court in the matter of Metro Credit Union vs. Jeannette Mouawad, Docket No. 1654CV0347 which constitutes a judicial lien; and

WHEREAS said motion further alleges that said judicial lien impair the exemption to which the debtor Mouawad is entitled under the Bankruptcy Code, 11 USC §101 *et seq.*; and

WHEREAS it appears that said lien was recorded at South Middlesex County Registry of Deeds on 08/04/2016 at Book 34333, Page 255,

WHEREAS after notice and an opportunity for a hearing no party in interest has objected to the motion, or after an actual hearing all objection were overruled or resolved by the parties; and

WHEREAS good cause appears for allowing the motion;

NOW THEREFORE it is ORDERED that the motion is ALLOWED and the aforementioned judicial liens are avoided and of no force and effect.

Dated:_____

_____
Honorable
United States Bankruptcy Judge

Chapter 7

Case No. 16-13064

## CERTIFICATE OF SERVICE

I, Michael R. Levin, state that on December 1⬚, 2016, I electronically filed the forgoing MOTION TO VOID JUDICIAL LIENS and PROPOSED ORDER with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the forgoing documents on the following CM/ECF participants:

John Fitzgerald, Assistant U.S. Trustee

Gary Cruickshank, Chapter 7 Trustee

And by First Class Postage Prepaid Mail to:

Attorney Jeffrey Phillips
1 Washington Mall
Boston, MA 02108

/s/ Michael R. Levin

Michael R. Levin